## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| NATHANIEL SPEARING, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Docket No. 07-138-B-W |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| *Defendant* | ) | |

### *REPORT AND RECOMMENDED DECISION[1]*

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question as to whether substantial evidence supports the commissioner's determination that the plaintiff, who alleges disability stemming from sarcoidosis and anxiety disorder, was precluded from receiving benefits by performance of work at a substantial gainful activity ("SGA") level and, alternatively, was capable of making an adjustment to work existing in significant numbers in the national economy. I recommend that the decision of the commissioner be vacated, and the case remanded for further proceedings.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir.

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 19, 2008, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1982), the administrative law judge found, in relevant part, that the plaintiff had engaged in SGA since May 1, 2003, his alleged date of onset of disability, Finding 2, Record at 18; that he retained the residual functional capacity ("RFC") to, among other things, understand, remember, and carry out simple, basic instructions, occasionally interact with co-workers and the public, and make simple work-related decisions, Finding 5, *id.* at 20-21; that, considering his age ("younger individual"), education (limited, eleventh-grade), work experience (transferability of skills not an issue), and RFC, he could perform jobs existing in significant numbers in the national economy, Findings 7-10, *id.* at 23; and, therefore, that he had not been under a disability at any time through the date of decision, Finding 12, *id.* at 24.[2] The Appeals Council declined to review the decision, *id.* at 5-8, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 1 and, alternatively, Step 5 of the sequential-evaluation process. At Step 1, the plaintiff bears the burden of proving that he did not engage in substantial gainful activity during the period in question. *Bell v. Commissioner of Social Sec.*, 105 F.3d 244, 246 (6th Cir. 1996); *see also Field v. Chater*, 920 F. Supp. 240, 241 (D. Me. 1995), *called*

---

[2] The plaintiff had acquired sufficient quarters of coverage to remain insured for purposes of SSD through June 30, 2007, *see* Finding 1, Record at 18, subsequent to the decision date of October 26, 2006, *see id.* at 24.

*into doubt on other grounds, Seavey v. Barnhart*, 276 F.3d 1 (1st Cir. 2001). Work is considered "substantial" if it "involves doing significant physical or mental activities." 20 C.F.R. §§ 404.1572(a), 416.972(a). "[W]ork may be substantial even if it is done on a part-time basis or if [a claimant] do[es] less, get[s] paid less, or [has] less responsibility than when [he or she] worked before." *Id.* "Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." *Id*. §§ 404.1572(b), 416.972(b). If a claimant is able to work at SGA level, the commissioner will find that he or she is not disabled. *See id.* §§ 404.1571, 416.971.

At Step 5 of the sequential process, the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff asserts that the administrative law judge erred (i) at Step 1, in deeming his part-time job as a mailroom worker for a local newspaper SGA, and (ii) at Step 5, in finding him capable of performing jobs that the *Dictionary of Occupational Titles* ("DOT") indicates cannot be accomplished by a person who can understand, carry out, and remember only simple instructions. *See generally* Plaintiff's Itemized Statement of Error ("Statement of Errors") (Docket No. 8). At oral argument, counsel for the commissioner conceded that the Step 1 SGA finding is erroneous. He defended the decision on the basis of the alternative Step 5 finding. However, I agree with the plaintiff that the Step 5 finding, as well, is unsupported by substantial evidence. Accordingly, I recommend that the commissioner's decision be vacated and that the case be remanded for proceedings not inconsistent herewith.

3

**I. Discussion**

Social Security Ruling 00-4p ("SSR 00-4p") provides, in relevant part:

> In making disability determinations, we rely primarily on the DOT (including its companion publication, the SCO [*Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*]) for information about the requirements of work in the national economy[.] Occupational evidence provided by a VE [vocational expert] or VS [vocational specialist] generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

SSR 00-4p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2007) at 244.

In reaching his alternative Step 5 conclusion, the administrative law judge relied on testimony of a vocational expert. *See* Record at 23-24. At hearing, the administrative law judge propounded a hypothetical question to the vocational expert that omitted mention of any restriction on the capacity to understand instructions or make decisions. *See id*. at 452-53. The vocational expert testified that a person with such a profile could perform at least four jobs: checker I, DOT § 222.687-010,[3] assembler, small products, DOT § 739.687-030, circuit board assembler, DOT § 725.384-010,[4] and bench assembly worker, DOT § 706.684-042. *See id*. at 453-55. On cross-examination, the plaintiff's counsel asked whether any of those jobs would be precluded by a

---

[3] As the plaintiff points out, *see* Statement of Errors at 4 n.5, the vocational expert erroneously stated that the DOT code for the checker I job was 322.687-010, *see* Record at 453-54.

[4] The vocational expert may also have supplied the wrong citation for the circuit-board assembly job. The DOT code he cited describes a Tube Assembler, Electron. *See* Record at 454; DOT § 725.384-010. Per my research, DOT codes that seemingly align more closely with the job title are DOT §§ 726.687-026 (Lamination Assembler, Printed Circuit Boards), 726.687-038 (Preassembler, Printed Circuit Board) and 726.684-070 (Printed Circuit Board Assembler, Hand). Nothing turns on the error, if any. The jobs all have GED reasoning levels of 2 or higher. *See* DOT §§ 725.384-010 (Level 2), 726.687-026 (Level 2), 726.687-038 (Level 2) and 726.684-070 (Level 3).

limitation to "simple one or two step instructions[.]" *Id*. at 466. The vocational expert responded that the jobs "were all SVP [Specific Vocational Preparation] 2 so those are simple[.]" *Id*. at 466-67. The plaintiff's counsel rejoined that SVP represents a "skill level." *Id*. at 467. He suggested to the vocational expert that a General Educational Development ("GED") level of 3 had been "found to exclude simple one, two step instructions." *Id*. The vocational expert responded: "One, two step job would be for instance somebody who's doing an assembly job, not complicated, doesn't require a lot of memory, by [and] large sheltered workshops do this very kind of work except that they do it [at] a different rate, speed." *Id*. Nonetheless, the vocational expert allowed that the checker 1 job "might be problematic" given the limitation posited by the plaintiff's counsel. *See id*. No one asked the vocational expert whether his testimony as it bore on a restriction to simple instructions comported with the DOT. *See id*. at 467-74.

In his decision, the administrative law judge predicated his Step 5 finding on his determination that the plaintiff was capable of engaging in such representative occupations as assembler, small products, DOT § 739.687-030, circuit board assembler, DOT § 725.384-010, and bench assembly worker, DOT § 706.684-042, all of which were "unskilled." *See id.* at 23-24. He added: "Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the [DOT]." *Id*. at 24.

In fact, as the plaintiff's counsel endeavored to point out at hearing, and asserts in the Statement of Errors, there is an inconsistency between the DOT and vocational-expert testimony that relies on SVP levels, without consideration of GED reasoning levels, to assess a job's simplicity. "SVP ratings speak to the issue of the level of vocational preparation necessary to perform the job, not directly to the issue of a job's simplicity, which appears to be more squarely addressed by the GED ratings." *Hall-Grover v. Barnhart*, No. 03-239-P-C, 2004 WL 1529283, at *4 (D. Me. Apr. 30,

5

2004) (rec. dec., *aff'd* May 24, 2004); *accord Mead v. Barnhart,* 100 Soc. Sec. Rep. Serv. 547, 548 (D.N.H. 2004); *Cooper v. Barnhart*, No. 03-CV-665-J, 2004 WL 2381515, at *4 (N.D. Okla. Oct. 15, 2004) ("Defendant suggests that the Specific Vocational Preparation ('SVP') time is more similar to a limitation to the performance of simple tasks. The explanations of SVP in the DOT suggest that the SVP specifies the vocational preparation required to perform a job. The reasoning level, as identified by Plaintiff, appears more similar to whether or not a claimant has a limitation to performing only simple tasks.").

All three of the jobs on which the administrative law judge relied have a GED reasoning level of 2, *see* DOT §§ 706.684-042, 725.384-010, 739.687-030, which requires a worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations[,]" Appendix C, § III to DOT.[5] By contrast, a GED reasoning level of 1 requires a worker to "[a]pply commonsense understanding to carry out simple one- or two-step instructions" and to "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." *Id*. As this court and others have held, a claimant limited to performance of "simple" tasks or instructions seemingly is incapable of undertaking GED reasoning level 2 work. *See, e.g., Flagg v. Barnhart*, No. 04-45-B-W, 2004 WL 2677208, at *5 (D. Me. Nov. 24, 2004) (rec. dec., *aff'd* Dec. 14, 2004); *Mead*, 100 Soc. Sec. Rep. Serv. at 548 ("[A] 'GED' reasoning level of 2, or higher, assumes that the applicant is capable of more than simple or repetitive tasks."); *Hall v. Barnhart*, No. 03-299-P-C, 2004 WL 1896969, at *2 (D. Me. Aug. 25, 2004) (rec. dec., *aff'd* Sept. 21, 2004); *Allen v. Barnhart*, 90 Soc. Sec. Rep. Serv. 476, 486 (N.D. Cal. 2003) ("The need to follow 'detailed'

---

[5] While the administrative law judge did not cite the checker I job in his decision, *see* Record at 23-24, it, too, has a GED reasoning level of 2. *See* DOT § 222.687-010.

and 'involved' [sic] instructions [per a GED reasoning level of 2] exceeds the ALJ's limitation of plaintiff to 'simple, routine tasks.' Such instructions are not simple and uncomplicated, or limited to one or two steps.").[6]

At oral argument, counsel for the commissioner suggested that the instant case is distinguishable from cases such as *Flagg* and *Hall* in that, here, the plaintiff's counsel called to the vocational expert's attention the fact that the jobs in question had a GED reasoning level of 2, and the vocational expert nonetheless testified that a person with the plaintiff's profile could perform three of the four jobs in question. The plaintiff's counsel rejoined, and I agree, that nothing in the colloquy on which the commissioner's counsel relies indicates that the vocational expert appreciated, or provided a cogent explanation for, the seeming discrepancy between the limitation to remembering and carrying out simple, basic instructions and the DOT description of the job as having a GED reasoning level of 2.[7]

Because the administrative law judge failed to elicit, let alone resolve, as required by SSR 00-4p, the apparent unresolved conflict between the DOT and the testimony on which he relied, reversal and remand are warranted.

---

[6] At oral argument, counsel for the commissioner cited *Flaherty v. Halter*, 182 F. Supp.2d 824, 850 (D. Minn. 2001), and *Temple v. Callahan*, No. 96-55024, 1997 WL 289457 (9th Cir. May 29, 1997), for the proposition that a GED reasoning level of 2 is not necessarily inconsistent with a limitation to simple, routine work. While these cases do so hold, *see Flaherty*, 182 F. Supp.2d at 850-51; *Temple*, 1997 WL 289457, at *1-*2, this court has held otherwise, *see, e.g., Flagg*, 2004 WL 2677208, at *5.

[7] At oral argument, counsel for the commissioner noted "in passing" that the plaintiff had been performing work part-time as a mailer with no apparent difficulty, and that the DOT rates the mailer job as having a GED reasoning level of 2. The administrative law judge neither developed nor relied on this point in reaching his conclusions. *See* Record at 18-24. It therefore cannot be taken into account in assessing the supportability of his decision. *See, e.g.*, *Federal Power Comm'n v. Texaco Inc.,* 417 U.S. 380, 397 (1974) ("[W]e cannot accept appellate counsel's *post hoc* rationalizations for agency action; for an agency's order must be upheld, if at all, on the same basis articulated in the order by the agency itself.") (citations and internal quotation marks omitted).

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED**, and the case **REMANDED** for proceedings not inconsistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of June, 2008.

/s/  John H. Rich III  
John H. Rich III  
United States Magistrate Judge